# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

QUINN NGIENDO,

Case No. 24-cv-2453 (LMP/DJF)

Plaintiff,

v.

PUBLIC STORAGE, INC.,

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Defendant.

---

Quinn Ngiendo, *pro se*.

Abraham S. Kaplan and Jesse H. Kibort, **Parker Daniels Kibort LLC, Minneapolis, MN**, for Defendant.

Plaintiff Quinn Ngiendo ("Ngiendo"), representing herself, initiated this lawsuit against Defendant Public Storage, Inc. ("Public Storage") asserting various claims under Minnesota law relating to her eviction from a storage unit in a facility owned and operated by Public Storage. *See generally* ECF No. 1. Public Storage moves to dismiss Ngiendo's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. For the reasons set forth below, Public Storage's motion is granted, and Ngiendo's complaint is dismissed.

## BACKGROUND

Ngiendo entered a contract with Public Storage for use of a storage unit (the "Unit") in one of Public Storage's facilities in Minneapolis, Minnesota. ECF No. 1 at 1. Public Storage advertised its storage units as "climate-controlled," which "may help" to prevent items stored at its facility from being "damaged by heat, humidity and cold" and "may

make sure" visits by customers leasing storage units are "comfortable in either hot or cold weather." *Id.* at 3.  Ngiendo alleges that the temperature inside the Unit exceeded eighty-three degrees Fahrenheit, which aggravated several medical conditions Ngiendo has and caused damage to her personal property from heat exposure, including medications Ngiendo uses to manage her medical conditions.  *Id.* at 2–4.  Ngiendo complained about the temperature of the Unit, but a district manager for Public Storage informed Ngiendo that he "was not going to reduce [the] temperature" of the "storage unit premises." *Id.* at 4. Ngiendo alleges that the manager insulted and ridiculed her when she asked him to lower the temperature in the Unit.  *Id.* at 12.

Ngiendo filed suit against Public Storage in Minnesota state court asserting, in effect, a violation of the Americans with Disabilities Act ("ADA") relating to a notice to vacate the Unit that Public Storage served on Ngiendo in June 2023.  *See generally Ngiendo v. Public Storage, Inc.*, No. 27-cv-23-10551 (the "ADA Action") (Minn. Dist. Ct. June 30, 2023), Index #1.  Ngiendo alleged that Public Storage had failed to accommodate her medical condition by refusing her request for a more favorable unit.  *See id.* at 2.  Ngiendo sought to enjoin Public Storage from terminating the contract and removing Ngiendo and her personal property from the Unit.  *See id.*, Index #32 at 2.  About three months later, Public Storage filed suit against Ngiendo in Minnesota state court alleging breach of contract due to nonpayment of fees under the terms of the parties' contract.  *See generally 1718 Wash. (MN) Owner, LLC v. Ngiendo*, No. 27-cv-23-15305 (the "Eviction Action")

(Minn. Dist. Ct. Sept. 28, 2023), Index #1.[1]  As relevant here, Public Storage sought an order authorizing it to repossess the Unit and to remove Ngiendo and her personal property from the Unit.  *Id.* at 3–4.  While the ADA Action and Eviction Action were pending, Ngiendo was not permitted to access her personal property in the Unit.  *See* ECF No. 1 at 4.

The Minnesota court presiding over the Eviction Action entered an order directing Ngiendo to "vacate the [] Unit immediately" and authorizing Public Storage to take "possession of the [] Unit, to remove Ngiendo from the [] Unit, and to dispose of any of Ngiendo's personal property stored in the [] Unit."  Eviction Action, Index #26 at 4.  Ngiendo removed her property from the Unit, and the ADA Action was dismissed with prejudice as moot.  ADA Action, Index #32 at 2–3.  Ngiendo appealed the judgments in both the Eviction Action and the ADA Action to the Minnesota Court of Appeals.  *See* Eviction Action, Index #55; ADA Action, Index #36.  The Minnesota Court of Appeals dismissed Ngiendo's appeal of the Eviction Action as untimely, Eviction Action, Index #57 at 5, and affirmed the ADA Action judgment, ADA Action, Index #51 at 6.

---

[1]    Ngiendo references both the ADA Action and the Eviction Action in her complaint, *see, e.g.*, ECF No. 1 at 4, but she does not allege specific facts relating to those proceedings. In considering a motion to dismiss for failure to state a claim, a court may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, [and] orders . . . without converting the motion into one for summary judgment."  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citation omitted).  Accordingly, the Court considers the public filings and orders from the ADA Action and the Eviction Action and incorporates relevant factual matter from those filings and orders in the recitation of the factual background for the purpose of assessing Public Storage's motion to dismiss.

Ngiendo then initiated this action.  Based on diversity jurisdiction, Ngiendo asserts various tort claims under Minnesota law.  Ngiendo's claims relate to Public Storage's treatment of Ngiendo after she requested the temperature be lowered in the Unit and the alleged harm to her health and damage to her personal property from excessive heat.  *See* ECF No. 1 at 12–15.  Ngiendo also brings claims under Minnesota law for breach of contract, false advertisement, and deceptive trade practices.  *See id.*  Public Storage moves to dismiss Ngiendo's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 20.

## ANALYSIS

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the complaint "need not set forth detailed factual allegations, or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests."  *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 795–96 (8th Cir. 2021) (internal quotation marks omitted) (citation omitted).  When considering a motion to dismiss for failure to state a claim, courts "accept[] as true all factual allegations in the complaint and draw[] all reasonable inferences in favor of the nonmoving party."  *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014) (internal quotation marks omitted) (citation omitted).  While courts "primarily consider the allegations in the complaint" when deciding a Rule 12(b)(6) motion, courts may also consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record,

[and] orders . . . without converting the motion into one for summary judgment." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citation omitted).

In addition, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

Public Storage argues that Ngiendo is barred from bringing her claims under the doctrine of res judicata. ECF No. 21 at 5–6. Under that doctrine, a final judgment on the merits in a previous action between the same parties "precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Brandsrud v. Hespenheide*, No. 23-cv-2834 (NEB/DTS), 2024 WL 892634, at *2 (D. Minn. Jan. 26, 2024) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)); *see Schober v. Comm'r of Revenue*, 853 N.W.2d 102, 111 (Minn. 2013) (citation omitted) ("[R]es judicata bars claims regarding matters actually litigated and every matter that might have been litigated in the prior proceeding."). "The law of the forum that rendered the first judgment controls the res judicata analysis." *Scott v. City of Sherwood*, 94 F.4th 778, 780 (8th Cir. 2024) (cleaned up) (citation omitted). Because the judgments in prior actions upon which Public Storage relies—that is, the ADA Action and the Eviction Action—were rendered by Minnesota courts, Minnesota law controls the res judicata analysis here. *See id.*

Under Minnesota law, the disposition of an earlier claim bars the litigation of a subsequent claim where "(1) the earlier claim involved the same set of factual

circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn. 2004). "All four prongs must be met for res judicata to apply." *Id.* Importantly, "[a] dismissal with prejudice, even if based on nonsubstantive grounds, is an adjudication on the merits and can form a basis for res judicata." *Nielsen v. Eller Media Co.*, No. A07-296, 2008 WL 1747893, at *3 (Minn. Ct. App. Apr. 15, 2008) (citing *Johnson v. Hunter*, 447 N.W.2d 871, 873 (Minn. 1989)). Essentially, when parties have been involved in prior litigation, and that prior litigation was resolved on the merits, res judicata under Minnesota law precludes those parties not only from attempting to relitigate the same issues in a subsequent case, but also attempting to litigate, even for the first time, any issue that *could have been* raised in the prior case. *Schober v. Comm'r of Revenue*, 853 N.W.2d 102, 111 (Minn. 2013) (citation omitted); *see also Brandsrud*, 2024 WL 892634, at *2.

Res judicata applies to Ngiendo's claims in this case. Both the ADA Action and the Eviction Action involved the same factual circumstances as those at issue here—that is, Ngiendo's dealings with Public Storage relating to the contract between the parties, Ngiendo's desire to retain her use of and access to the Unit, and Public Storage's termination of the contract and eviction of Ngiendo from the Unit. *See* ECF No. 1 at 12–15; *see also* ADA Action, Index #1 at 1–3; Eviction Action, Index #1 at 1–4. Both the ADA Action and the Eviction Action involved Ngiendo and Public Storage or its privy. *See* ADA Action, Index #1 at 1; Eviction Action, Index #1 at 1. The Eviction Action definitively resulted in a final judgment on the merits. Eviction Action, Index #26 at 4–5;

*see id.*, Index #57 at 5 (dismissing Ngiendo's appeal of the Eviction Action as untimely). And although the ADA Action was dismissed as moot, that dismissal was with prejudice. ADA Action, Index #32 at 2–3; *see id.*, Index #51 at 4–5 (affirming dismissal with prejudice of the ADA Action as moot). Under Minnesota law, such a dismissal, while non-substantive, "is an adjudication on the merits." *Nielsen*, 2008 WL 1747893, at *3. Finally, upon review of the dockets in the ADA Action and the Eviction Action, the Court finds that Ngiendo had a full and fair opportunity to litigate these issues in the Minnesota courts that presided over those cases. *See, e.g.*, ADA Action, Index #29 at 4–5 (permitting Ngiendo an opportunity to submit arguments "as to why the lawsuit survives" given the judgment in the Eviction Action); *see also Schober*, 853 N.W.2d at 111.

Because res judicata applies to Ngiendo's claims, Ngiendo cannot proceed with those claims in this Court. *See Adams v. City of St. Paul*, No. 22-cv-1902 (ECT/LIB), 2023 WL 3855333, at *8 (D. Minn. Feb. 9, 2023) (applying res judicata under Minnesota law and finding plaintiff was "substantively barred from raising the claims" in his federal complaint), *report and recommendation adopted*, 2023 WL 3195255 (D. Minn. May 2, 2023); *see also Hauschildt*, 686 N.W.2d at 840 (citation omitted) ("[A] plaintiff may not split [her] cause of action and bring successive suits involving the same set of factual circumstances."). Accordingly, Public Storage's motion to dismiss is granted, and Ngiendo's complaint is dismissed with prejudice. *See Adams*, 2023 WL 3855333, at *8 (dismissing claims in complaint barred by res judicata with prejudice).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1.      Public Storage's Motion to Dismiss (ECF No. 20) is **GRANTED**;

2.      Ngiendo's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**; and

3.      The Clerk of Court is directed to send a copy of this Order to Quinn Ngiendo by email at focusidealogist@aol.com.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 4, 2025                          *s/Laura M. Provinzino*
                                                        Laura M. Provinzino
                                                        United States District Judge

8