UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| QUINN NGIENDO, | Case No. 24-cv-2453 (LMP/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| PUBLIC STORAGE, INC., | |
| Defendant. | |

---

Plaintiff Quinn Ngiendo ("Ngiendo"), acting pro se and proceeding *in forma pauperis* ("IFP"), *see* ECF No. 4 (granting IFP status), brought this lawsuit against Defendant Public Storage, Inc. ("Public Storage"), alleging various state and common law causes of action, ECF No. 1.  The claims relate to a lease agreement Ngiendo entered with Public Storage for one of its storage units, and Public Storage's subsequent termination of the agreement and eventual eviction of Ngiendo from the storage unit.  *See generally id.*  Public Storage moved to dismiss Ngiendo's complaint and argued, in part, that Ngiendo's claims were barred by the doctrine of res judicata because the parties had previously been involved in litigation in Minnesota state court relating to the same set of events.  *See* ECF No. 21 at 5–6.  The state cases were resolved on the merits in Public Storage's favor.  *See* ECF No. 36 at 2–3.  The Court agreed that res judicata barred Ngiendo's claims and dismissed her complaint with prejudice.  *See* ECF No. 36 at 6–8; ECF No. 37.  Ngiendo filed a notice of appeal, ECF No. 38, and seeks to proceed IFP on appeal, ECF No. 42.

A party who seeks IFP status on appeal must first "file a motion in the district court" and "state[] the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1). A party may not proceed IFP on appeal, however, if the district court certifies that the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3). To determine whether an appeal is taken in good faith, a district court must evaluate whether "the claims to be decided on appeal are factually or legally frivolous." *Smith v. Eischen*, No. 23-cv-357 (JRT/DFJ), 2024 WL 2818335, at *1 (D. Minn. June 3, 2024); *see Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a [party's] good faith in this type of case demonstrated when [she] seeks appellate review of any issue not frivolous.").

Although Ngiendo would likely qualify financially for IFP status, *see* ECF No. 4, the Court cannot certify that her appeal is taken in good faith. Ngiendo offers no substantive basis for her appeal, stating only that she appeals from the judgment entered in this case, *see* ECF No. 38, which renders her application to proceed IFP on appeal procedurally deficient, *see* Fed. R. App. P. 24(a)(1)(C) ("The party must . . . state[] the issues that the party intends to present on appeal."). Lacking any specificity as to what, precisely, Ngiendo intends to challenge, the Court cannot determine whether "the claims to be decided on appeal are factually or legally frivolous," *Smith*, 2024 WL 2818335, at *1.

Accordingly, based on the foregoing, and on all the files, records, and proceedings in this matter, **IT IS HEREBY ORDERED** that Ngiendo's application to proceed IFP on appeal (ECF No. 42) is **DENIED**.

Dated: July 10, 2025   *s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge